## STEVENSON vs. REAVES.

1. In *assumpsit* for a breach of warranty of the soundness of a slave, the court charged the jury, " that, if defendant made any false and fraudulent representations to plaintiff, they would be considered by the jury, with the other evidence in the cause, for the purpose of determining whether there was a warranty, a breach of the warranty, and the amount of plaintiff's damages for breach of the warranty ; but for that purpose only, *and not as a ground of recovery*" : *Held*, that the charge was erroneous, as it asserted the proposition, that such declarations, although they might have amounted to a warranty, would not constitute a ground of recovery in this action.

Appeal from the Circuit Court of Barbour.

Tried before the Hon. John Gill Shorter.

Assumpsit by Hardy Stevenson against Asher Reaves, for a breach of warranty of the soundness of a slave. On the trial, the plaintiff proved, that he had purchased the slave from the defendant, at the price of $540, as sound property, and that she was not sound at the time of sale ; that she would have been

worth, if sound, at the time of sale, between $500 and $600, but, in her real condition at that time, she was not worth $50. " He also introduced evidence tending to prove, that the defendant, at the time of the sale, represented said slave to be sound, and to be deceitful in pretending to be sick frequently ; and that defendant said, all she wanted was a master to drive her, and represented her to be a breeding woman, and as a slave of good qualities and capacity for household and field work" ; that said slave was, at the time of said sale, incapable of conception or bearing children, and that defendant had owned her some six years ; that, at the time of the sale, he had been deceived by the false and fraudulent representations of the defendant, as to the qualities, condition, and soundness of said slave ; but on all these matters, which plaintiff 's evidence tended to prove, there was a conflict in the evidence.

The court charged the jury, " that plaintiff 's declaration in this case was in *assumpsit*, and that, to entitle him to recover, he must prove that there was a warranty of soundness of said slave, and a breach of said warranty ; that, if defendant made any false and fraudulent representations to plaintiff, they would be considered by the jury, with the other evidence in the cause, for the purpose of determining whether there was a warranty, a breach of warranty, and the amount of plaintiff 's damages for breach of warranty ; but for that purpose only, and not as a ground of recovery." To this charge the plaintiff excepted, and he now assigns it for error.

BELSER & RICE, for appellant :

A representation to the vendee that a slave is sound, made by a vendor who knows it to be false, is, in law, a warranty. —Lobdell v. Baker, 1 Metcalf 201 ; Cook v. Moseley, 3 Wendell 277 ; Wood v. Smith, 4 Carr. & P. 45, or 19 E. C. L. R. 267. The charge of the court asserted, in effect, that false and fraudulent representations, alone, could not authorize a recovery ; whereas the law is, that the jury might, from such representations alone, if there was no other evidence of a warranty, find for the plaintiff in an action of assumpsit.—Wood v. Smith, *supra* ; Hillman v. Wilcox, 30 Maine 170 ; Wood v. Ashe, 3 Strob. Law R. 64 ; Cook v. Moseley, *supra* ; Roberts v. Morgan, 2 Cowen 438. If the vendor's false and fraud-

Stevenson v. Reaves.

ulent representations, in this case, did not, by mere judgment of law, amount to a warranty, the question whether they amounted to a warranty, was a question of fact, and should have been left to the jury, but was, in effect, taken away from them by the charge. Representations may amount to a warranty, although not false and fraudulent.—Coolidge v. Bingham, 1 Metcalf 252, and cases cited *supra*.

J. Buford, *contra*, contended, that the charge, properly construed, amounted to this : that breach of warranty, and not fraud, was the gist of the action in this case, which was *assumpsit* ; that the charge, thus construed, was correct ; and that contemporaneous representations are not, *per se*, a warranty. He cited Bradford v. Bush, 10 Ala. 386 ; Williams v. Cannon, 9 *ib*. 348 ; 4 *ib*. 700 ; Sedgwick on Damages, pp. 36 to 43 ; Hillman v. Wilcox, 30 Maine 171.

GOLDTHWAITE, J.—We think it probable, that the court below intended nothing more, than to convey to the jury this idea ; that, in the case before them, the right of the plaintiff to recover must depend upon the warranty and its breach, and not on any deceit which may have been practiced by the defendant in the sale of the slave ; but the language of the charge will not bear this construction. The jury are told, that, although they may look to the false representations, in connection with the evidence, to ascertain the warranty, its breach and the damages, they can be used for these purposes only, and cannot be looked to " as a ground of recovery." The last portion of the charge contradicts the first, and asserts the proposition, that these declarations, although they may have amounted to a warranty, would not constitute, in the present action, one of the grounds to rest a recovery upon. The authorities cited by the counsel for the appellant, clearly show that this was erroneous.

Judgment reversed, and cause remanded.